# 24-1741

*UNITED STATES COURT OF APPEALS*
*for the*
*SECOND CIRCUIT*

DHARMVIR GEHLAUT,

Plaintiff-Appellant,

- against –

NEW YORK CITY DEPARTMENT OF EDUCATION and KELLY JOHNSON, former Principal of the Baccalaureate School of Global Education,

Defendants-Appellees.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**APPELLANT'S BRIEF**

GLASS & HOGROGIAN LLP
Attorneys for Plaintiff-Appellant
85 Broad Street, 17th Floor - WeWork
New York, New York 10004
Telephone: (212) 537-6859
Bryan D. Glass, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................ii

ISSUES PRESENTED FOR REVIEW ...........................................................1

STATEMENT OF THE CASE.........................................................................1

SUBJECT MATTER AND APPELLATE JURISDICTION ..............................2

STATEMENT OF FACTS ..............................................................................3

    Procedural History .................................................................................3

    Background ...........................................................................................3

DECISION AND JUDGMENT OF THE DISTRICT COURT .........................5

STANDARD OF REVIEW AND SUMMARY OF ARGUMENTS..................6

ARGUMENT ................................................................................................8

POINT I .......................................................................................................8

   THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS MR. GEHLAUT'S DISCRIMINATION CLAIMS.................8

    A.   Standard of Law .........................................................................8

    B.   Inference of Discrimination ........................................................9

    C.   The District Court Erred In Dismissing The Complaint With Prejudice Without Granting Leave To Amend At Least Once ...............................15

    D.   Plaintiff's state-law claims against DOE ......................................15

POINT II......................................................................................................16

   THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS MR. GEHLAUT'S RETALIATION CLAIMS. ....................16

CONCLUSION............................................................................................19

CERTIFICATION OF COMPLIANCE .........................................................20

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)..................................................................................7

*Browne v. CNN America, Inc.,*
No. 99-9494, 2000 U.S. App. LEXIS 25480, at *4 (2d Cir. Oct. 6, 2000) ...................13

*Cleveland v. Caplaw Enters.,*
448 F.3d 518 (2d Cir. 2006) ......................................................................6

*Courtenay Commc'ns Corp. v. Hall,*
334 F.3d 210 (2d Cir. 2003) ......................................................................12

*Cuoco v. Moritsugu,*
222 F.3d 99 (2d Cir. 2000) .......................................................................15

*De Figueroa v. NY State, State Univ.,*
No. 17 CV 436, 2022 U.S. Dist. LEXIS 162273, at *19 (E.D.N.Y. Sep. 8, 2022) ........18

*Dent v. NY City Dept. of Educ.,*
No. 22 CV 5357 (DG) (CLP), 2024 U.S. Dist. LEXIS 37755, at *47 (E.D.N.Y.
Mar. 1, 2024) ..........................................................................................18

*DiFolco v. MSNBC Cable L.L.C.,*
622 F.3d 104 (2d Cir. 2010) ......................................................................13

*Dinis v. NY City Dep't of Educ.,*
No. 22-cv-7741 (VEC) (JW), 2024 U.S. Dist. LEXIS 22900, at *15 (S.D.N.Y.
Feb. 8, 2024) ..........................................................................................16

*Donlon v. Bd. of Educ. of Greece Cent. Sch. Dist.,*
No. 06-CV-6027T, 2007 U.S. Dist. LEXIS 2724, 2007 WL 108470, at *3
(W.D.N.Y. Jan. 12, 2007) ..........................................................................16

*Ganny v. FJC Sec. Servs.,*
No. 15-CV-1965 (FB), 2016 U.S. Dist. LEXIS 125098, 2016 WL 4939312, at
*1 (E.D.N.Y. Sept. 14, 2016)......................................................................9

*Goel v. Bunge, Ltd.,*
820 F.3d 554 (2d Cir. 2016) ......................................................................12

*Haiai Yang v. Dept. of Educ.,*
No. 14-CV-7037 (SLT) (RLM), 2016 U.S. Dist. LEXIS 97469, at *20
(E.D.N.Y. July 21, 2016)......................................................................10, 14

*Howell v. Nickolas,*
No. 23-CV-10361 (LTS), 2024 U.S. Dist. LEXIS 103951, at *7 (S.D.N.Y. June
10, 2024) ................................................................................................15

*Ingram v. Nassau Health Care Corp.,*
No. 17-CV-05556 (JMA)(SIL), 2019 U.S. Dist. LEXIS 49374, at *7 (E.D.N.Y.
Mar. 25, 2019) ........................................................................................7

*Jadallah v. NY City Dept. of Educ.*,
No. 21-cv-06390-DG-VMS, 2024 U.S. Dist. LEXIS 58425 (E.D.N.Y. Mar. 28, 2024) ...............................................................................................................11, 14

*Khwaja v. Jobs*,
No. 1:19-cv-07070 (JPC) (SDA), 2021 U.S. Dist. LEXIS 65884 (S.D.N.Y. Mar. 26, 2021) ...................................................................................................................9

*Kirkland-Hudson v. Mount Vernon City Sch. Dist.*,
665 F. Supp. 3d 412 (S.D.N.Y. 2023) ..........................................................16

*Kwan v. Andalex Group, LLC*,
737 F.3d 834 (2d Cir. 2013) .........................................................................17

*Leibowitz v. Cornell Univ.*,
584 F.3d 487 (2d Cir. 2009) ...........................................................................8

*Lifranc v. NY City Dept. of Educ.*,
No. 07-CV-1109 (KAM) (LB), 2010 U.S. Dist. LEXIS 34009 (E.D.N.Y. Apr. 6, 2010) .........................................................................................................13

*Littlejohn v. City of NY*,
795 F.3d 297 (2d Cir. 2015) ...............................................................6, 8, 13

*McDonnell Douglas Corp., v. Green*,
411 U.S. 792 (1973)........................................................................................8

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013) ...........................................................................9

*Myers v. County of Nassau*,
No. 22-CV-07023 (OEM) (LGD), 2024 U.S. Dist. LEXIS 139574, at *13-14 (E.D.N.Y. Aug. 6, 2024)..................................................................................9

*Ostrowski v. Atlantic Mut. Ins. Cos.*,
968 F.2d 171 (2d Cir. 1992) .........................................................................10

*Ringel v. NY City Dept. of Educ.*,
No. 19-CV-2374 (DG) (TAM), 2022 U.S. Dist. LEXIS 20636, at *50-51 (E.D.N.Y. Feb. 4, 2022)..................................................................................17

*Schafer v. Direct Energy Servs.*, LLC,
845 F. App'x 81 (2d Cir. 2021)................................................................12, 13

*Specht v. City of New York*,
15 F.4th 594 (2d Cir. 2021) .........................................................................18

*Summa v. Hofstra Univ.*,
708 F.3d 115 (2d Cir. 2013) .........................................................................17

*Sutter v. Dibello*,
No. 18-CV-817(SJF)(AKT), 2021 U.S. Dist. LEXIS 46312, at *66 (E.D.N.Y. 2021) ............................................................................................................7

iii

*Thomson v. Odyssey House*,
No. 14-CV-3857 (MKB), 2015 WL 5561209, at \*24 (E.D.N.Y. Sept. 21, 2015),
*aff'd*, 652 F. App'x 44 (2d Cir. 2016) ....................................................................9

*Tolbert v. Smith*,
790 F.3d 427 (2d Cir. 2015) ....................................................................10, 14

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015) ....................................................................9

*Wade v. Broadnax*,
No. 24-CV-3463 (LTS), 2024 U.S. Dist. LEXIS 113907, at \*6 (S.D.N.Y. June
21, 2024) ....................................................................15, 18

*Walsh v. Scarsdale Union Free Sch. Dist.*,
375 F. Supp. 3d 467 (S.D.N.Y. 2019) ....................................................................16

## Statutes

N.Y. Educ. Law § 3813(1) ....................................................................15

New York City Human Rights Law ("NYCHRL"),
N.Y.C. Administrative Code §§8-101 et. seq. ....................................................................2

New York State Human Rights Law ("NYSHRL"),
N.Y. Exec. Law § 296 et seq. ....................................................................2, 8

Title VII of the Civil Rights Act of 1964 ("Title VII"),
42 U.S.C. § 2000e et. seq. ....................................................................2, 8

## Rules

Fed. R. Civ. P. 12(b) ....................................................................6

Fed. R. Civ. P. 8(a)(2) ....................................................................7

iv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

DHARMVIR GEHLAUT,

Plaintiff-Appellant,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and KELLY JOHNSON, former Principal of the Baccalaureate School of Global Education,

Defendants-Appellees.

**APPELLANT'S BRIEF**

**ISSUES PRESENTED FOR REVIEW**

Did the District Court err as a matter of law in dismissing Plaintiff's Complaint against all defendants on the basis that Plaintiff's complaint is insufficient to state a claim pursuant to Title VII, NYSHRL, and NYCHRL?

**STATEMENT OF THE CASE**

In this civil employment discrimination action, Plaintiff-Appellant Dharmvir Gehlaut ("Mr. Gehlaut") seeks damages from his former employer, the New York City Department of Education ("DOE"), as well as his former Principal, Kelly Johnson ("Principal Johnson"). Mr. Gehlaut has been employed as a math teacher within Defendant-Appellee DOE since September

1

2005. He started working at Q-580, high school in Astoria, Queens, in July 2017. He is of Indian national origin and Hindu religion (Jat caste). Kelly Johnson was the principal of Q-580.

Mr. Gehlaut alleges that Defendants discriminated against him based on race, national origin (Indian) and religion (Hindu), created a hostile work environment, and retaliated against him for filing a complaint with the New York State Division of Human Rights ("SDHR") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code §§8-101 et. seq.

Mr. Gehlaut commenced this civil action, *pro se*, in the United States District Court for the Eastern District of New York on December 27, 2022. He now appeals to this Court from a judgment of the District Court (Donnelly, A.), dated February 6, 2024, granting Defendants' motion to dismiss Plaintiff's complaint.

Mr. Gehlaut argues that his complaint alleges sufficient factual allegations to support that Defendants' conduct was based on a discriminatory motive, especially at the motion to dismiss stage. This Court should reverse the decision on appeal and allow the action to proceed.

## SUBJECT MATTER AND APPELLATE JURISDICTION

(A)     The District Court had subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331 because this action involves federal claims for age, race, and gender discrimination and retaliation under Title VII.

(B)     This Court has jurisdiction over the judgment in this case pursuant to 28 U.S.C. § 1291 because this appeal is from a final judgment.

2

(C)     The judgment of the District Court was entered on the docket on February 8, 2024. Mr. Gehlaut filed his Notice of Appeal on March 14, 2024, after being granted an extension of time to file his notice of appeal.

(D)     The appeal is taken from a final judgment that disposes of all claims on behalf of all parties hereto.

## STATEMENT OF FACTS

### Procedural History

Mr. Gehlaut commenced this action *pro se* with a complaint dated December 27, 2022, after receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") dated November 2, 2022 (A005-17)[1].  Defendants moved to dismiss the complaint (A018-83). Mr. Gehlaut opposed this motion with a Memorandum of Law in Opposition to Defendants' Motion to Dismiss the complaint on May 3, 2023 (A84-111). Defendants submitted a Reply Memorandum of Law in further support of their Motion to Dismiss (A112-126).

 On February 6, 2024, the District Court issued a Memorandum Decision and Order dismissing Plaintiff's complaint with prejudice, without leave to amend (A127-142).

At issue on this appeal is the Court's ruling on Mr. Gehlaut's claims.

### Background

Mr. Gehlaut is of Indian national origin and Hindu religion (Jat caste) (A012 ¶ 1). He started working in the DOE as a math teacher in September 2005 (A012 ¶ 2). In July 2017, he was hired on the open market at Q-580, a high school in Astoria, Queens (A012 ¶ 2).  He believes he was the only one of his national origin and religion at Q-580 (A012 ¶ 3). Kelly Johnson was the

---

[1] Unless otherwise indicated, numbers in parentheses, preceded by the prefix "A", refer to pages in the Joint Appendix.

principal of the Q-580 high school (A012 ¶ 4). She is African-American or black. Upon information and belief, she left the school in 2022. (A012 ¶ 4).

**2018-19 school year: First reassignment**

Principal Johnson had been very hostile to Mr. Gehlaut in the spring of 2019, showing hostility to his race, accent, and religion. For example, Principal Johnson insulted his accent and knowledge of English during a conversation with her in a school hallway in May 2019. She even yelled at him directly on or June 19, 2019, that Indians are stupid when he filed a grievance against her. (A012 ¶ 10).

On or about June 25, 2019, Mr. Gehlaut was reassigned from his duties at the Q-580 school (A012 ¶ 5). After being reassigned, he began suffering from anxiety and depression. (A012 ¶ 6). Upon information and belief, Principal Johnson hired another math teacher in 2019 to replace him while he was reassigned from her school. (A012 ¶ 11).

**2019-20 school year: Clearance from first reassignment and immediate second reassignment**

On February 28, 2020, Mr. Gehlaut received an email from the NYC Special Commissioner of Investigation ("SCI") informing him that an unknown investigation against him was closed. (A012 ¶ 7). On March 12, 2020, he received a letter from the DOE's Office of Personnel Investigation ("OPI") directing him to return to school on March 23, 2020, and that he would be eligible for per session duties again. (A012 ¶ 8).

On March 22, 2020, Mr. Gehlaut informed Principal Johnson by email that he would be returning to school on March 23, 2020. (A012 ¶ 8). In response to his email, Principal Johnson sent him a March 17, 2020 letter, stating he was under investigation and would be reassigned again from her school. (A012 ¶ 9).

4

**2020-21 school year: Filing of SDHR complaint and Section 3020-a disciplinary charges**

On July 20, 2020, Mr. Gehlaut filed a SDHR complaint based on religious, race, and national origin discrimination against Principal Johnson for not reassigning him back to his duties. (A012 ¶ 12).

After he filed the original SDHR complaint, Mr. Gehlaut was retaliated against by being served Section 3020-a disciplinary charges with nine specifications from the DOE on or about June 25, 2021, initiated by Principal Johnson. (A012 ¶ 13). A Section 3020-a hearing on these charges was held before a hearing officer over 6-7 zoom hearing dates in February and March 2022. (A013 ¶ 14). The stress of the Section 3020-a hearing exacerbated Mr. Gehlaut's depression leading him to have suicidal thoughts on March 11, 2022. (A013 ¶ 15).

On April 13, 2022, Mr. Gehlaut filed a complaint with the SDHR against Principal Johnson for retaliating against him for his previously filed SDHR complaint. (A013 ¶ 16).

On August 6, 2022, Mr. Gehlaut received a decision from the hearing officer refusing to terminate his employment and assessing him for a three month suspension effective September 5, 2022 (A013 ¶ 17).

Mr. Gehlaut believes he has been discriminated against based on his race, national origin and religion by Principal Johnson, and retaliated against for filing an SDHR complaint against her with the service of Section 3020-a charges seeking termination of his employment (A013 ¶ 18).

## DECISION AND JUDGMENT OF THE DISTRICT COURT

In a memorandum decision dated February 6, 2024, the District Court (Donnelly A.) dismissed all Mr. Gehlaut's Title VII, NYSHRL and NYCHRL claims after granting Defendants' motion to dismiss (A127-142). The District Court dismissed all state-law claims against the DOE for failure to comply with the New York Education Law's notice requirement (A138-139).

With regards to Mr. Gehlaut's discrimination claims, the District Court held that "[t]he plaintiff has not shown [] that his reassignment occurred under circumstances giving rise to an inference of discrimination (A134). Specifically, the District Court found that "[t]he plaintiff does not allege that Katherine Rodi, who signed the letter reassigning the plaintiff to the Rubber Room, or any other member of Commissioner of Investigation or Office of Employee Relations, discriminated against him." (A135). The District Court also held that "the plaintiff does not plead facts explaining how Johnson's remarks in the first half of 2019 had anything to do with another entity's decision almost one year later" and that there was "no evidence that Johnson "possessed [the] control, oversight, and decision-making authority" to reassign the plaintiff or investigate him" (A135).

As to Mr. Gehlaut's retaliation claims, the District Court held that almost a year between his protected activity and the DOE's alleged retaliation is insufficient to establish a valid claim (A137). The Court also found that ""the 'gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity,' such that 'an inference of retaliation does not arise.'" (A137).

Mr. Gehlaut now appeals from this judgment.

## STANDARD OF REVIEW AND SUMMARY OF ARGUMENTS

Reviewing the grant of a motion to dismiss under Rule 12(b) de *novo*, *see Littlejohn v. City of NY*, 795 F.3d 297, 306 (2d Cir. 2015), this Court should reverse the decision on appeal and allow the action to proceed. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006). *Ingram v. Nassau Health*

*Care Corp.,* No. 17-CV-05556 (JMA)(SIL), 2019 U.S. Dist. LEXIS 49374, at *7 (E.D.N.Y. Mar. 25, 2019).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure only requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the [] claim is and the grounds upon which it rests." *Sutter v. Dibello*, 2021 U.S. Dist. LEXIS 46312, at *66 (E.D.N.Y. 2021, No. 18-CV-817(SJF)(AKT)) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality." *Id.*

Mr. Gehlaut did, in fact, allege sufficient factual allegations to raise a minimal inference of discrimination and to support that the purported reasoning behind Defendants' actions were a pretext for discrimination. In dismissing Plaintiff's claims, the District Court improperly relied on representations outside the pleadings and engaged in fact finding on a motion to dismiss regarding the circumstances surrounding Plaintiff's second reassignment. For instance, the District Court discounted the fact that despite being cleared to return to school, Principal Johnson immediately reassigned him a second time. In addition, the District Court erred in finding that there was no evidence that Principal Johnson possessed decision-making authority. The complaint pled that Principal Johnson was personally involved in Plaintiff's reassignments and disciplinary charges. She was Plaintiff's supervisor, and as the principal, she was the decision-maker at the school level. The Complaint also adequately alleges that Mr. Gehlaut was retaliated against by being brought up with 3020-a charges in June 2021 after he filed his SDHR complaint against Principal Johnson,

7

while all the allegations against him concerned the September 2017 to June 2019 time period and he was cleared to return to work in March 2020.

The District Court also erred in dismissing a *pro se* complaint without granting leave to amend at least once.

Moreover, the District Court's dismissal of Mr. Gehlaut's claims is contrary to this Court's caution to courts not to set the bar too high in analyzing whether a Plaintiff such as Mr. Gehlaut has been the target of discrimination.

## ARGUMENT

### POINT I

### THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS MR. GEHLAUT'S DISCRIMINATION CLAIMS.

#### A. <u>Standard of Law</u>

Discrimination claims under Title VII and the NYSHRL are analyzed under the burden-shifting framework articulated in *McDonnell Douglas Corp., v. Green*, 411 U.S. 792 (1973). *Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015) (Title VII); *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 n.1 (2d Cir. 2009) (NYSHRL). A *prima facie* case of discrimination requires a showing of "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *See McDonnell Douglas* at 802. In addition, a complaint must give "plausible support to a *minimal* inference of discriminatory motivation." *See Littlejohn* at 311 (2d Cir. 2015).

"The requirements for demonstrating these elements are 'relaxed' during the initial pleading stage of litigation. To prevail against a Rule 12(b)(6) motion, an employment

8

discrimination plaintiff 'needs to present only minimal evidence supporting an inference of discrimination[,]' and 'detailed factual allegations are not required[.]'" *Myers v. County of Nassau*, 2024 U.S. Dist. LEXIS 139574, at *13-14 (E.D.N.Y. Aug. 6, 2024, No. 22-CV-07023 (OEM) (LGD)) (quoting *Ganny v. FJC Sec. Servs.*, No. 15-CV-1965 (FB), 2016 U.S. Dist. LEXIS 125098, 2016 WL 4939312, at *1 (E.D.N.Y. Sept. 14, 2016)).

Claims under the NYCHRL are subject to a more liberal standard, requiring only plausible allegations that the plaintiff "was subjected to unequal treatment because of his protected characteristic." *Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 WL 5561209, at *24 (E.D.N.Y. Sept. 21, 2015), *aff'd*, 652 F. App'x 44 (2d Cir. 2016) (summary order). That is, the NYCHRL does not require a "materially adverse employment action." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,* 715 F.3d 102, 114 (2d Cir. 2013).

Here, there is no dispute that Mr. Gehlaut's allegations are sufficient to establish the first three prongs of a *prima facie* case of discrimination. He was within a protected group (Indian national origin and Hindu religion), qualified for the math teacher position at issue, and his reassignment and disciplinary charges constitute adverse employment actions. The District Court found, however, that Mr. Gehlaut's allegations failed to support an inference of discrimination (A134).

## B. <u>Inference of Discrimination</u>

"Because 'smoking gun' evidence is rare in discrimination cases, "plaintiffs usually must rely on 'bits and pieces' of information to support an inference of discrimination, i.e., a 'mosaic' of intentional discrimination." *Khwaja v. Jobs,* No. 1:19-cv-07070 (JPC) (SDA), 2021 U.S. Dist. LEXIS 65884 (S.D.N.Y. Mar. 26, 2021) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015)).

The District Court erred in holding that Plaintiff has not shown that his reassignment occurred under circumstances giving rise to an inference of discrimination (A134-136). The circumstances that give rise to an inference of discriminatory motive include actions or remarks made by decision makers that could be viewed as reflecting a discriminatory animus. *Haiai Yang v. Dept. of Educ.*, 2016 U.S. Dist. LEXIS 97469, at *20 (E.D.N.Y. July 21, 2016, No. 14-CV-7037 (SLT) (RLM)) (citing *Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 182 (2d Cir. 1992)). Here, Principal Johnson's derogatory remarks that "Indians are stupid" and insulting Mr. Gehlaut's accent and knowledge of English (A012 ¶ 10) arguably support the inference that Principal Johnson had negative feelings about employees from Indian race/national origin. *See Tolbert v. Smith*, 790 F.3d 427, 437 (2d Cir. 2015) (finding that statements showing an employer's racial bias are sufficient to support a *prima facie* case of discrimination).

Additionally, contrary to the District Court's assertion that "Plaintiff [did] not plead facts explaining how Johnson's remarks in the first half of 2019 had anything to do with another entity's decision almost one year later" (A135), the Complaint alleges that Principal Johnson had animosity towards Plaintiff based on his Indian race/national origin, made derogatory remarks shortly before reassigned him the first time, and did not reassign him back although he was cleared by SCI and OPI. Principal Johnson immediately manufactured a second case against him to stop his return to the school. (A012 ¶¶ 8-9). At that time, Plaintiff had not been in the school for nine months. Yet, Principal Johnson reassigned him again from her school based on allegedly new allegations against him (A012 ¶¶ 7-10). Principal Johnson's actions evidence racial basis or animus against Plaintiff. Mr. Gehlaut did, in fact, allege sufficient factual allegations to support that the purported reasoning behind Principal Johnson's actions were a pretext for discrimination. A reasonable juror could find that the circumstances surrounding his reassignment raise a minimal inference of discrimination.

Furthermore, the District Court granted Defendants' motion to dismiss Mr. Gehlaut's discrimination claims for two reasons. It found that (i) the investigation into Plaintiff's conduct and his reassignment letter were not from the DOE nor Principal Johnson; and that (ii) Principal Johnson's remarks "do not support a discrimination suit" since Principal Johnson was not a decision-maker (A134-136). In doing so, the District Court improperly relied on representations outside the pleadings.

1)  **<u>The District Court erred in finding that Defendants were not involved in Plaintiff's reassignment</u>**

Principal Johnson was personally involved in the investigations leading to Mr. Gehlaut's reassignments and disciplinary charges. Specifically, the complaint alleges that in response to Mr. Gehlaut's email informing Principal Johnson that he had been cleared to return to work by OPI, Principal Johnson sent him a March 17, 2020 letter, stating he was under investigation and would be reassigned again from her school. (A012 ¶¶ 8-9). By alleging that Principal Johnson sent him the reassignment letter, the complaint sufficiently asserts that Principal Johnson participated directly in the alleged discrimination. *See Jadallah v. NY City Dept. of Educ.*, 2024 U.S. Dist. LEXIS 58425 (E.D.N.Y. Mar. 28, 2024) (finding that the fact that the principal sent Plaintiff the termination letter shows that Plaintiff alleged that her Principal "participated directly in" Plaintiff's termination and was personally involved in the alleged discrimination).

Moreover, the District Court erroneously determined at the pleading stage that Principal Johnson had no involvement in Plaintiff's reassignment on the basis that "the letter that Johnson sent to the plaintiff was signed by Katherine Rodi, not Johnson." (A136) In doing so, the District Court relied on Defendants' Exhibit A attached to their declaration in support of their motion to dismiss (A026), an extrinsic document not integral to the complaint. However, "[w]hen presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings."

*Schafer v. Direct Energy Servs.*, LLC, 845 F App'x 81, 82 (2d Cir. 2021) (citing *Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003)). Here, the letter was not attached to or incorporated by reference in the complaint. "'Merely mentioning a document in the complaint will not satisfy" to deem a document integral to the complaint." *Id.* at 83 (citing *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

Besides, the complaint pled that Principal Johnson refused to reassign him back to his duties and then initiated Section 3020-a disciplinary charges against him (A012 ¶¶ 12-13). The District Court improperly found that "the New York City Special Commissioner of Investigation, an independent agency, conducted the investigations into the plaintiff's conduct, not the DOE" (A134-135). Nowhere in the complaint does Plaintiff allege that an independent agency initiated his investigation and reassignment. Additionally, it is illogical to conclude that Defendants were not involved in the adverse actions when clearly an investigation by "an independent agency" or "another entity" could not be initiated without DOE and/or Plaintiff's supervisor input. The District Court drew inferences and conclusions that are hotly disputed by Plaintiff and that will be readily contradicted by other evidence. In fact, the Hearing Officer's decision noted that Principal Johnson was the one who initiated the investigations into Mr. Gehlaut's behavior (A034-35). Moreover, as part of the documents submitted for his Section 3020-a hearing, Mr. Gehlaut discovered that Principal Johnson emailed students and used them to write statements against him. During the Section 3020-a hearing, Mr. Saha, a fellow teacher, noted that Principal Johnson's investigation included an email to the entire class of 2022, which he found to be unusual and troubling.

Third, in a footnote, the District Court noted that "[t]he parties do not identify who made the decision to reassign the plaintiff to the Rubber Room in 2019." Yet, the District Court

improperly engaged in fact finding in holding that Defendants had no involvement in the decision to reassign Plaintiff and that his reassignment was not based on discriminatory intent. On a motion to dismiss, all inferences are drawn in the plaintiff's favor. *Littlejohn v. City of NY*, 795 F.3d 297, 306 (2d Cir. 2015). The District Court should have drawn inferences in Plaintiff's favor and found that Principal Johnson and the DOE were involved in his reassignment, not the opposite. The task of the court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Schafer v. Direct Energy Servs., LLC*, 845 F App'x 81, 81-82 (2d Cir. 2021) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010)).

2) ***The District Court erred in finding that Principal Johnson's remarks were not probative of discriminatory intent***

The District Court erred in holding that "there is no evidence that Johnson "possessed [the] control, oversight, and decision-making authority" to reassign the plaintiff or investigate him" (A135-136). Construing the facts most favorably to Mr. Gehlaut, it is clear that the final decision regarding his reassignment and disciplinary charges was made with Principal Johnson's recommendation. As Plaintiff's immediate supervisor and principal of the school, Principal Johnson was the decision-maker at the school level and had input in the decision to reassign, investigate and bring disciplinary charges against Plaintiff. *See* e.g. *Lifranc v. NY City Dept. of Educ.*, 2010 U.S. Dist. LEXIS 34009 (E.D.N.Y. Apr. 6, 2010, No. 07-CV-1109 (KAM) (LB)) (at the summary judgment stage, finding that her principal was directly involved in decisions regarding Plaintiff's termination) (citing *Browne v. CNN America, Inc*., No. 99-9494, 2000 U.S. App. LEXIS 25480, at *4 (2d Cir. Oct. 6, 2000) (implicitly noting plaintiff's showing of a *prima facie* case where plaintiff's immediate supervisor (who allegedly possessed discriminatory animus) had input into adverse employment action completed by another individual who made the final

termination decision)); *Jadallah v. NY City Dept. of Educ.*, 2024 U.S. Dist. LEXIS 58425 (E.D.N.Y. Mar. 28, 2024) (finding that the Principal's ratings of Plaintiff's performance and the fact that her Principal sent her the termination letter show that Plaintiff alleged that her Principal "participated directly in" Plaintiff's termination and was personally involved in the alleged discrimination); *Tolbert v. Smith*, 790 F.3d 427, 437 (2d Cir. 2015) (finding that offensive comments by the principal at the school were remarks made "by the de facto decisionmaker" and clearly suggest racial bias); *Haiai Yang v. Dept. of Educ.*, 2016 U.S. Dist. LEXIS 97469, at *23 (E.D.N.Y. July 21, 2016, No. 14-CV-7037 (SLT) (RLM)) (adequately pleading an inference that anti-Chinese animus may have played a part in Plaintiff's termination where Plaintiff alleged that her immediate supervisor made derogatory remarks on her Chinese accent and issued her negative observation reports containing false statements which ultimately led to her termination, although her supervisor was not the person who formally terminated Plaintiff).

In addition, as mentioned above, the complaint also pled that Principal Johnson was personally involved in Plaintiff's reassignments and disciplinary charges (A012 ¶¶ 9, 12-13). The comments were not merely "stray remarks." The Complaint provides, by way of example only, two instances where Principal Johnson made derogatory comments towards Mr. Gehlaut.

As mentioned above, Principal Johnson's comments in May 2019 and June 19, 2019 shortly precede Mr. Gehlaut's reassignment on June 25, 2019, and Principal Johnson immediately reassigned him a second time although he was finally cleared to go back to the school. Plaintiff's allegations, taken together, give rise to an inference that anti-Indian animus may have played a part in Plaintiff's reassignment.

Accordingly, Mr. Gehlaut has pled sufficient facts to defeat a motion to dismiss on his discrimination claims. This Court should reverse the District Court's decision to grant Defendants' motion to dismiss Mr. Gehlaut's claims.

### C. The District Court Erred In Dismissing The Complaint With Prejudice Without Granting Leave To Amend At Least Once

The District Court also erred in denying Mr. Gehlaut's request to file an amended complaint to address any deficiencies identified by the Court in holding that "none of the defects can be cured by amendment, the complaint is dismissed with prejudice." (A142) *See e.g. Howell v. Nickolas,* 2024 U.S. Dist. LEXIS 103951, at *7 (S.D.N.Y. June 10, 2024, No. 23-CV-10361 (LTS)); *Wade v. Broadnax*, 2024 U.S. Dist. LEXIS 113907, at *6 (S.D.N.Y. June 21, 2024, No. 24-CV-3463 (LTS)) ("the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, if this Court finds that the complaint fails to allege facts sufficient to state a claim, Mr. Gehlaut may be able to allege additional facts to state valid employment discrimination and retaliation claims. For instance, Mr. Gehlaut may be able to add facts to support that the DOE and Principal Johnson were involved in the investigation into Plaintiff's conduct and his reassignment, that Principal Johnson was a decision-maker, and articulate better how Principal Johnson's remarks were probative of discriminatory intent.

### D. Plaintiff's state-law claims against DOE

The District Court dismissed all state-law claims against the DOE for failure to comply with the New York Education Law's notice requirement (A138-139). However, courts in this Circuit have found that an EEOC complaint satisfies the notice requirements of Section 3813(1)

where "facts set forth in the EEOC charge contained a sufficient degree of descriptive detail to place the District on notice of plaintiff's [ ] discrimination and retaliation claims[.]" *Dinis v. NY City Dep't of Educ.*, 2024 U.S. Dist. LEXIS 22900, at *15 (S.D.N.Y. Feb. 8, 2024, No. 22-cv-7741 (VEC) (JW)) (citing *Donlon v. Bd. of Educ. of Greece Cent. Sch. Dist.*, No. 06-CV-6027T, 2007 U.S. Dist. LEXIS 2724, 2007 WL 108470, at *3 (W.D.N.Y. Jan. 12, 2007); *Walsh v. Scarsdale Union Free Sch. Dist.*, 375 F. Supp. 3d 467, 481 (S.D.N.Y. 2019) (finding that the plain language of § 3813 does not require a formal notice of claim and Plaintiff complied with the § 3813(1) notice requirement by filing a timely EEOC charge).

Here, Mr. Gehlaut filed SDHR charges on July 20, 2020 and April 13, 2022 (A012-13 ¶¶ 12, 16), outlining his allegations of discrimination based on race, national origin and religion, and retaliation, which were presented to the DOE. Notably, the DOE replied to his SDHR complaints on or about September 8, 2020 and July 15, 2022. As such, the DOE had ample notice of his discrimination and retaliation claims. Therefore, the lack of a notice of claim should not bar Mr. Gehlaut's claims against the DOE.

## POINT II

**THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS MR. GEHLAUT'S RETALIATION CLAIMS.**

To establish a *prima facie* case of retaliation, the plaintiff must show that: (1) he was engaged in an activity protected; (2) his employer was aware of his participation in the protected activity; (3) the employer took adverse action against him; and (4) a causal connection existed between the protected activity and the adverse action." *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 459 (S.D.N.Y. 2023) (citing *Kwan v. Andalex Group, LLC*, 737

F.3d 834, 844 (2d Cir. 2013)).

The District Court dismissed Mr. Gehlaut's claims on the basis that (i) the investigation into Plaintiff was launched in 2018 – well before his protected activity, and (ii) almost a year gap between his protected activity and the DOE's alleged retaliation is too long to infer a causal relationship (A137). Specifically, the District Court held that "the 'gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity,' such that an inference of retaliation does not arise." (A137). However, Mr. Gehlaut was in fact cleared by SCI on February 28, 2020 and directed to return to the school (A012 ¶ 7). Yet, Principal Johnson initiated Section 3020-a charges against him in June 2021 based on events that allegedly occurred between August 2018 and June 2019, two to three years earlier (A012 ¶ 13). A reasonable juror could find that Plaintiff's protected activity prompted the disciplinary charges, rather than his alleged behavior during the 2017-18 and 2018-19 school years, especially after being already cleared by SCI in 2020. Defendants could have brought charges against him way earlier. It should also be noted that the hearing officer refused to terminate Mr. Gehlaut's employment (A013 ¶ 17), which supports that Plaintiff's disciplinary charges after his more than three year reassignment (from June 25, 2019 to September 5, 2022) were unreasonable and pretext for retaliation.

Furthermore, Defendants controlled the timing of the disciplinary process, and Defendants' conduct could be viewed as opportunistically timed, further supporting a claim of retaliation. *Ringel v. NY City Dept. of Educ.*, No. 19-CV-2374 (DG) (TAM), 2022 U.S. Dist. LEXIS 20636, at *50-51 (E.D.N.Y. Feb. 4, 2022) (letters to file near the end of the school year could be viewed as opportunistically timed to bolster Defendant's formal recommendation of Plaintiff's termination) (citing *Summa v. Hofstra Univ.*, 708 F.3d 115, 129 (2d Cir. 2013)).

With regards to the District Court's finding that the lapse of time breaks the causal inference (A37), the details regarding the circumstances and timing of the issuance of Mr. Gehlaut's disciplinary charges can be fleshed out in discovery, through document requests and depositions of school officials. Notably, Plaintiff received a Right to Sue Letter dated February 17, 2021. Although Mr. Gehlaut did not receive the EEOC Notice at the time it was dated, Defendants could have been notified by the EEOC that he intended to proceed to federal court in February 2021, which reduces the time gap to four months.

Courts have found a five to seven-month gap can establish a *prima facie* case of retaliation. *See e.g. Specht v. City of New York*, 15 F.4th 594, 605 (2d Cir. 2021) (holding that five months between protected conduct was "sufficient to permit an inference of causation"); *De Figueroa v. NY State, State Univ*., No. 17 CV 436, 2022 U.S. Dist. LEXIS 162273, at *19 (E.D.N.Y. Sep. 8, 2022) (holding that "the Second Circuit has fastidiously avoided drawing a 'bright line' defining the outer limits 'beyond which a temporal relationship is too attenuated to establish [causation]'" (citations omitted)); *Dent v. NY City Dept. of Educ.*, 2024 U.S. Dist. LEXIS 37755, at *47 (E.D.N.Y. Mar. 1, 2024, No. 22 CV 5357 (DG) (CLP)) (holding that "[a]lthough some courts have dismissed claims where the causal connection was based on a temporal proximity of less than five months [...], this Court finds that the plaintiff has adequately alleged a causal connection").

Accordingly, this Court should reverse the District Court's decision to grant Defendants' motion to dismiss as to Mr. Gehlaut's retaliation claims. Alternatively, Mr. Gehlaut should be allowed to file an amended complaint to address any deficiencies identified by the Court. *See e.g. Wade v. Broadnax*, 2024 U.S. Dist. LEXIS 113907, at *6 (S.D.N.Y. June 21, 2024, No. 24-CV-3463 (LTS)) ("the Second Circuit has cautioned that district courts "should not dismiss [a *pro se*

complaint] without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated.")

## CONCLUSION

**FOR THE REASONS STATED, THE JUDGMENT ON APPEAL SHOULD BE REVERSED, WITH COSTS AND ATTORNEY'S FEES.**

Respectfully submitted,

**GLASS & HOGROGIAN LLP**
Attorneys for Plaintiff-Appellant
85 Broad Street, 17th Floor @ WeWork
New York, New York 10004
(212) 537-6859

By: _____

Bryan D. Glass, Esq.

19

## CERTIFICATION OF COMPLIANCE

This brief contains less than 13,000 words.

**GLASS & HOGROGIAN LLP**
Attorneys for Plaintiff-Appellant
85 Broad Street, 17th Floor @ WeWork
New York, New York 10004
(212) 537-6859

By: _____
        Bryan D. Glass, Esq.

20